UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELA SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 24-3599 (ABJ) |

## MEMORANDUM OPINION

Plaintiff Angela Smith brought this action against the Washington Metropolitan Area Transit Authority ("WMATA") alleging one claim of negligence. Compl., Ex. A to Notice of Removal [Dkt. # 1-1] at 10–12. Plaintiff alleges that she was a passenger on a WMATA bus when it collided with another vehicle, and that the accident caused her physical pain and mental anguish. Compl. ¶¶ 11–16.

Plaintiff filed suit in the Superior Court of the District of Columbia on October 25, 2024, and defendant filed a notice removing the complaint to this Court on December 24, 2024. Notice of Removal at 1. On January 14, 2025, defendant filed a motion to dismiss or, in the alternative, for summary judgment, which included a video of the incident. Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. [Dkt. # 7] ("Mot."). The motion is fully briefed. Pl.'s Mem. in Opp. to Mot. [Dkt. # 8] ("Opp."); Def.'s Reply in Supp. of Mot. [Dkt. # 9] ("Reply").

For the reasons stated below, the Court will **GRANT** defendant's motion for summary judgment. The video shows that plaintiff did not suffer injury caused by any purported breach of

duty, and plaintiff has not come forward with any factual material from which a reasonable factfinder could find otherwise.

## BACKGROUND

According to the complaint, on March 8, 2023, plaintiff was a passenger on WMATA bus number 4731 when it "violently" struck another vehicle at approximately 6:15 p.m. Compl. ¶¶ 6–7; Def.'s Statement of Undisputed Material Fact [Dkt. # 7-2] ("DSUMF") ¶ 1. Plaintiff allegedly suffered "serious, painful, and permanent injuries to her back, neck, and other parts of her body" as a result of the incident, and she seeks $5,000,000 in damages. Compl. ¶¶ 14–16; DSUMF ¶ 2.

Defendant has submitted an exhibit that consists of a series of videos of the bus taken from different angles at the same time, shown in the same window. *See* Ex. 2 to Mot. [Dkt. # 7-3] ("Video"). The exhibit provides footage from nine different angles inside and outside the bus, including: (1) left forward facing video of the exterior of the bus; (2) front to rear video of the interior of the bus; (3) left front door video of the exterior and interior of the bus; (4) the bus operator's view of the interior of the bus; (5) left rear door video of the interior of the bus; (6) left curbside rear video of the exterior of the bus; (7) left rear to front video of the interior of the bus; (8) left street view of the exterior of the bus; and (9) left rear video of the exterior of the bus. *Id.* They appear on the screen in three rows with three videos each, and the videos do not include sound.

The eighth angle, the video at the bottom middle of the screen consisting of footage from the left street view of the exterior of the bus, captured the accident. Video at 18:15:58–18:16:03. It shows a silver vehicle with a black roof swerving slightly to the left to avoid oncoming traffic from the opposite lane, and making contact with the left rear side of the bus as it goes by. *Id.* After

this glancing blow, the bus stopped briefly due to the traffic in front of it, and then continued to drive for another one minute and eleven seconds before pulling over to the side of the road. *Id.* at 18:16:11–18:17:22.

The video footage from the second, third, fourth, fifth, and seventh angles show the passengers inside the bus: what looks to be fifteen adults and three children. *Id.* At the time the car made contact with the bus, a few passengers turned their heads towards the left side of the bus as if to see what happened, but none of them were jostled or jolted or appear to be otherwise affected by the impact. *Id.* at 18:16:00–08. One of the children, who was the only person standing during the incident, appears to be entirely unaffected. *Id.* at 18:15:59–18:16:02.

The passengers remained on the bus until the driver pulled over. *Id.* at 18:16:03–18:17:23. Once the bus came to a stop, the driver turned and spoke to the passengers, and some began to disembark as he stepped off the bus to talk to the driver of the vehicle that hit the bus. *Id.* at 18:17:23–46. About a minute later, the bus driver briefly returned to the bus to speak to the passengers that remained. *Id.* at 18:18:32–37. Each of the remaining passengers then walked calmly off the bus. *Id.* at 18:17:37–18:19:17.

## **STANDARD OF REVIEW**

The motion filed by the defendant was expressly designated as a motion to dismiss or for summary judgment in the alternative, Mot. at 1, and it was accompanied by both a statement of material facts not in dispute, *see* DSUMF , and the video evidence.[1] Ex. 2. If "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss under Federal

---

1    It is fair to say that the statement consisting of but three material facts was not particularly detailed; the first two statements simply summarize plaintiff's allegations, and it is only the third that asserts a fact and identifies the evidence that supports it. DSUMF ¶¶ 1–3.

Rule of Civil Procedure 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (applying the same test when converting a Rule 12(b)(6) motion to one for summary judgment). The "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Because defendant's motion in this case asks the Court to consider video footage of the incident, the Court will treat the motion as one for summary judgment. Plaintiff was on notice that defendant was seeking summary judgment and had a full opportunity to respond and to invoke Federal Rule of Civil Procedure 56(d) if necessary.

Defendant submitted the necessary statement of material facts in dispute, Local Civ. R. 7(h)(1), and summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted); *see also* Local Civ. R. 7(h)(1) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

The "mere existence" of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

## ANALYSIS

Defendant argues that the video establishes that plaintiff did not suffer any injury caused by WMATA's purported breach of duty, and therefore, her negligence claim fails. Mot. at 1, 5.

To succeed on a claim of negligence, plaintiff must prove that (1) defendant owed her a duty, (2) that duty was breached, and (3) the alleged injury the plaintiff sustained was caused by this breach. *Poola v. Howard Univ.*, 147 A.3d 267, 289 (D.C. 2016). Though a common carrier like WMATA owes a duty of reasonable care to its passengers, *D.C. Transit System, Inc. v. Carney*, 254 A.2d 402, 403 (D.C. 1969), it cannot be held liable for "jerks or jars which are no more than the necessary or usual incidents of the operation of such conveyances." *Wiggins v. Capital Transit Co.*, 122 A.2d 117, 118 (D.C. 1956).

The video supports defendant's contention that it did not cause plaintiff to suffer an injury through a breach of the duty of reasonable care. For one thing, the bus did not "violently" strike the car; it was the car that swerved into the bus. The bus was maintaining a safe speed in the appropriate lane of traffic when the white car swerved into it, and the video does not reflect any unreasonable actions on the part of the bus. Ex. 2 at 18:15:58–18:16:03. Further, there does not

5

appear to be any damage caused by the incident. None of the passengers on the bus reacted to the incident other than to look over to that side of the bus, and some of the passengers seated close to the point of contact did not react the collision at all. None of the passengers showed any signs of harm or injury when the bus operator pulled over to the side of the road, and all were able to walk off the bus without any difficulty. In short, the video does not depict any passenger who appears to have sustained a serious injury — or injury at all — to their back, neck, or other body part.

To survive summary judgment on her negligence claim, plaintiff must point to specific facts that create a genuine issue as to defendant's breach of duty or the injury caused by that breach. *Celotex*, 477 U.S. at 323. She has failed to do so. Her opposition states vaguely that summary judgment is inappropriate because issues of material fact "exist" in her case, Opp. at 2–3, but she does not identify what those issues would be or which facts are genuinely disputed. Instead, she argues that defendant failed to submit "any supporting documentations," such as medical records, to support its conclusion that plaintiff was not injured. Opp. at 2. But Rule 56 does not require the party asserting the absence of a dispute to present a particular type of evidence; material in the record, "*including* depositions, documents, electronically stored information, affidavits, or declarations" are all available options. *See* Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). And it falls to the non-moving party to point to any of those multiple types of material to show the presence of a genuine dispute, or to invoke Rule 56(d) and "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Here plaintiff has made no showing that there is a genuine dispute for the jury to resolve

concerning whether there was a breach of duty, and/or whether any allegedly negligent act or omission by the bus driver caused her to suffer any sort of injury.[2]

## CONCLUSION

Plaintiff has been given reasonable opportunity to respond to the undisputed evidence submitted in support of the motion for summary judgment, and she has failed to designate facts that raise a genuine issue for trial. Therefore, the Court will enter summary judgment in favor of defendant.

A separate order will issue.

*Amy B. Jackson*
AMY BERMAN JACKSON
United States District Judge

DATE: March 3, 2026

---

[2] Plaintiff also argues that defendant did not identify which individual on the bus it believed to be the plaintiff, Opp. at 2, but that does not defeat the motion. The video shows every person on the bus at the time of the accident, and not one of them displays a strong reaction to, or appears to be experiencing any consequence or difficulty after, the incident. If plaintiff saw herself on the video, and it is her position that the image showed her suffering from pain or any other impairment at that time, she had the opportunity to dispute defendant's third statement of undisputed material fact, that is, "[v]ideo from the bus shows that at the time of the incident, Plaintiff did not sustain any injuries," DSUMF ¶ 3, and in accordance with Rule 56 and Local Civil Rule 7(h), to refer the Court to that portion of the evidence in the record. *See* Local Civ. R. 7(h)(1) ("An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.").